## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Shenzhen Liown Electronics Co., Ltd. | ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| vs. | ) ) | |
| Luminara Worldwide, LLC, Michael L. O'Shaughnessy, and John W. Jacobson, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Shenzhen Liown Electronics Co., Ltd. ("Shenzhen Liown"), for its Complaint against Defendants Luminara Worldwide, LLC ("Luminara"), Michael L. O'Shaughnessy ("O'Shaughnessy") and John W. Jacobson ("Jacobson") (collectively, "Defendants") alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Shenzhen Liown is a company organized under the laws of the People's Republic of China, with a place of business in China.

2.     On information and belief, Defendant Luminara is a Delaware company having its principal place of business in Eden Prairie, Minnesota.

3.     On information and belief, Defendant Michael L. O'Shaughnessy is a resident of the state of Minnesota and the President of Luminara.

4.     On information and belief, Defendant John W. Jacobson is a resident of the state of Minnesota and holds a Director-level position with Luminara.

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and, more particularly, 35 U.S.C. §§ 271 and 281. Accordingly, this Court has federal question jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over Plaintiff's state law claim, as the matter in controversy exceeds the sum or amount of $75,000.00 and the action is brought by a citizen of China against citizens of Minnesota. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Plaintiff's state law claim, as it so relates to Plaintiff's federal claim that they form a part of the same case or controversy.

7.     Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

### Plaintiff's Patent and Luminara's Infringement

8.     Plaintiff manufactures and sells certain flameless candle products that realistically simulate the flame of a burning candle.

9.     Plaintiff is the assignee possessing all substantial right, title and interest in and to United States Patent No. 8,789,986 ("the '986 patent"), entitled "Electronic Lighting Device And Method For Manufacturing Same," which issued on July 29, 2014. Accordingly, Plaintiff has standing to sue for infringement of the '986 patent.

10.     On information and belief, Defendant Luminara imports, manufactures, sells, and/or offers for sale throughout the United States and this District, flameless candles, including, without limitation, products sold under the names "Wax Pillar Flameless Candle with Timer," "Outdoor Flameless Candle with Timer," "Scroll Embossed Flameless Candle," and "Flameless Candle Lantern," that infringe one or more claims of the '986 patent.

### Luminara's License With Candella

11.     On information and belief, in 2010, Candella, LLC ("Candella") granted Luminara a license under which Luminara was authorized to make, use and sell products covered by U.S. Patent Nos. 7,837,355 (the "'355 patent") and 8,070,319 (the "'319 patent").

12.     On information and belief, Luminara had no right under the license from Candella to prevent others from infringing the '355 and '319 patents.  Under the license, Candella reserved the right, in Candella's sole discretion, "to institute any proceedings against. . . third party infringers and [Luminara] shall refrain from doing so."

13.     In an opinion dated June 12, 2013, in a patent infringement action styled *Candella, LLC. v. Liown Electronics Co. Ltd.*, et al., No. 12-cv-02803(PJS/JJK) and filed in this District, the Court determined that Luminara did not have standing to participate as a plaintiff in asserting the '355 and '319 patents against Plaintiff and others.

### Defendants' Efforts to Interfere with Plaintiff's Economic Relationships

14.     On information and belief, Defendants intentionally and with knowledge of Plaintiff's relationships with its customers, interfered with those relationships by

improperly threating Plaintiff's customers, and the customers of Plaintiff's customers, with allegations of infringement of the '355 and '319 patents, which Luminara had no right or standing to assert.

15.     Specifically, in early to mid-2012, Plaintiff's existing customers for its flameless candle products included, without limitation, Primitives By Kathy, Inc. ("Primitives"), Boston Warehouse Trading Corp. ("Boston Warehouse"), Smart Candle, and BJ's Wholesale Club ("BJs").   Plaintiff incurred substantial expense to build goodwill and foster relationships within those accounts.   As a result, the relationships were economically beneficial to Plaintiff and Plaintiff had a reasonable expectation that the strong business relationships within those accounts would continue.

16.     On information and belief, on or about July 6, 2012, representatives of Boston Warehouse and Primitives attended a gift show in Atlanta, at which they were showing Plaintiff's flameless candle products.

17.     On information and belief, Defendant Jacobson, on Luminara's behalf, approached the representatives of Boston Warehouse and Primitives at the Atlanta gift show and informed them that Luminara was the exclusive licensee of certain Candella patents, including the '355 and '319 patents.   Jacobson told the representatives that Plaintiff's flameless candles that the representatives were showing infringed the Candella patents, including the '355 and '319 patents.

18.     On information and belief, Jacobson and Luminara knew that Boston Warehouse and Primitives were existing customers of Plaintiff, and made the

infringement allegations with the intent to discourage those customers from continuing their business relationships with Plaintiff.

19.     On information and belief, in or around early 2013, one or more of the Defendants and/or their agents threatened to file suit against LCS Lighting Consulting Services ("LCS") if LCS purchased Plaintiff's flameless candle products.  Defendants knew that LCS was an existing or potential customer of Plaintiff and made this threat with the intent to discourage LCS from purchasing Plaintiff's products.

20.     On information and belief, in or around early 2013, one or more of the Defendants and/or their agents made similar threats against Bachman's, Inc. ("Bachman's") and Christmas Tree Hill, Inc. ("Christmas Tree Hill"), who were customers of Boston Warehouse.  Defendants knew that Bachman's and Christmas Tree Hill were existing customers of Boston Warehouse, and that Boston Warehouse was an existing customer of Plaintiff.  Defendants or their agents made these threats with the intent to discourage Boston Warehouse from continuing its business relationship with Plaintiff, and to discourage Bachman's and Christmas Tree Hill from purchasing Plaintiff's products.

21.     On information and belief, Defendants intentionally and with knowledge of Plaintiff's relationships with its customers and prospective customers, interfered with those relationships by circulating press releases to Plaintiff's customers and prospective customers that accused Plaintiff of infringing the '355 and '319 patents, which Luminara had no right or standing to assert.

22.     As a result of Defendants' interference with Plaintiff's existing relationships, with the exception of Boston Warehouse, all of Plaintiff's existing customers stopped purchasing Plaintiff's products, and Plaintiff's business declined.

23.     As a result of Defendants' tortious interference, certain prospective customers, including, without limitation, QVC, Brookstone and Bed, Bath & Beyond, decided not to purchase Plaintiff's products.

24.     Plaintiff has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

## CAUSES OF ACTION

### Count I: Patent Infringement
### (Against Defendant Luminara)

25.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

26.     Plaintiff is the assignee possessing all substantial right, title and interest in the '986 patent.

27.     The '986 patent is valid, subsisting and in full force and effect.  A copy of the '986 patent is attached as **Exhibit A.**

28.     On information and belief, Defendant Luminara has been, and still is, directly infringing, either literally or under the doctrine of equivalents, one or more claims of the '986 patent by importing, making, using, offering for sale and/or selling in the United States flameless candles that realistically simulate the flame of a burning candle, including but not limited to products sold under the names "Wax Pillar Flameless

Candle with Timer," "Outdoor Flameless Candle with Timer," "Scroll Embossed Flameless Candle," and "Flameless Candle Lantern."

29.     On information and belief, Defendant Luminara has been and still is indirectly infringing, either literally or under the doctrine of equivalents, one or more claims of the '986 patent by inducing third parties to infringe claims of the '986 patent by using, offering for resale, and/or reselling in the United States flameless candles that realistically simulate the flame of a burning candle, including but not limited to the products sold under the names "Wax Pillar Flameless Candle with Timer," "Outdoor Flameless Candle with Timer," "Scroll Embossed Flameless Candle," and "Flameless Candle Lantern."

30.     On information and belief, Luminara's infringement of the '986 patent has been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

31.     Luminara's infringement is ongoing, and will irreparably harm Plaintiff unless enjoined.

32.     Luminara's infringement has harmed Plaintiff in an amount to be determined at trial.

### Count II: Tortious Interference with Existing and Prospective Business Relationships
### (Against All Defendants)

33.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

34.     On information and belief, Defendants, with knowledge of Plaintiff's existing economically beneficial relationships with its customers, intentionally and improperly interfered with those relationships by threatening Plaintiff's customers (and their customers) with allegations of infringement of the '355 and '319 patents. Defendants made these threats of infringement despite the fact that Luminara's license with Candella expressly prohibited Luminara from asserting the '355 and '319 patents against third parties.

35.     On information and belief, Defendants intentionally and with knowledge of Plaintiff's relationships with its customers and prospective customers, interfered with those relationships by circulating press releases to Plaintiff's customers and prospective customers that accused Plaintiff of infringing the '355 and '319 patents, which Luminara had no right or standing to assert.

36.     Defendants interfered with these relationships with the intent to discourage Plaintiff's customers and potential customers from purchasing Plaintiff's products.

37.     Defendants' tortious interference with Plaintiff's existing and prospective business relationships has, at all times, been, intentional and unjustified.

38.     As a direct and proximate result of Defendants' tortious interference, Plaintiff's business declined, as certain customers and prospective customers decided not to purchase Plaintiff's flameless candle products.  Plaintiff has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

39.     Plaintiff is entitled to appropriate injunctive relief and/or the recovery of actual and compensatory damages in an amount to be determined at trial.

40.    Plaintiff is also entitled to its attorneys' fees incurred in preventing and redressing Defendants' tortious  interference with Plaintiff's existing and prospective business relationships.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court's Order for Judgment as follows:

1.    Awarding Plaintiff damages for patent infringement in an amount to be determined at trial, and permanently enjoining Defendant Luminara from further infringement of the '986 patent;

2.    Awarding Plaintiff actual and compensatory damages resulting from Defendants' tortious interference, in an amount to be determined at trial, and enjoining Defendants and any person in active concert or participation with Defendants, from any further interference with Plaintiff's relationships with its customers;

3.    Awarding Plaintiff its reasonable costs and attorneys' fees; and

4.    Awarding Plaintiff such other or further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  August 6, 2014                    WINTHROP & WEINSTINE, P.A.

                                          s/Devan V. Padmanabhan
                                          Devan V. Padmanabhan (No. 240126)
                                          Erin O. Dungan (No. 0386430)
                                          225 South Sixth Street
                                          Suite 3500
                                          Minneapolis, Minnesota 55402
                                          (612) 604-6400
                                          Attorneys for Plaintiff

9366500v1